[Civ. No. 1300. First Appellate District.—October 30, 1913.]

GUY E. DYAR, Appellant, v. JAMES B. STONE, Respondent.

BROKERS—COMMISSION FOR EXCHANGE OF PROPERTIES—WHEN NOT EARNED.—A broker who is employed to effect an exchange of real estate is not entitled to a commission if he does not produce a person ready and able to make an exchange in accordance with the proposed terms.

ID.—FAILURE TO EFFECT EXCHANGE—COMMISSION—BURDEN OF PROOF.— Where no exchange is effected, the burden of proof is upon the broker to show that he found one who was ready, willing, and able to effect the exchange upon the terms proposed.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

Guy E. Dyar, *in pro per.*, for Appellant.

Walter J. Desmond, and Frank Kauke, for Respondent.

RICHARDS, J.—This is an action by a real estate broker to recover a commission alleged to be due upon an exchange of a ranch of the respondent, situated in Fresno County, for an apartment house of one Winifred M. Whitney located in Los Angeles. The transaction was never completed by an actual interchange of these properties.

The facts as developed at the trial were substantially these: The plaintiff in the year 1911 was a real estate broker in Fresno. The defendant, also residing in Fresno, was the owner of a large ranch near Raisin City, with respect to which said plaintiff undertook to negotiate an exchange for the Whitney apartment house in Los Angeles. After apparently proceeding some length with this effort he obtained from Stone a writing in the following words:

"FRESNO, CAL., August 17th, 1911.

"In the event that an exchange of my ranch of 647 acres near Raisin City for the Whitney apartment house in Los

Angeles, Cal., is consummated by me, I agree to pay Guy E. Dyar, as agent, a commission of 3% upon the value of my land in the trade (namely, $25,000), it being understood that this commission is the total and only commission to be paid by me on said exchange of properties.

"J. B. STONE."

Thereafter and on or about August 29, 1911, Stone went to Los Angeles, and was taken by a Mr. Boynton, the agent of Mrs. Whitney, to see her property. On September 25th Mrs. Whitney went with Boynton to Fresno to inspect the Stone Ranch. On the same day Stone made and signed a proposition for the exchange of properties, which proposition contained a number of conditions to be complied with by Mrs. Whitney, among which was the requirement that the proposition should be accepted within three days, and that within fifteen days thereafter the other specified conditions contained in the proposal should be complied with by her. On September 28th Mrs. Whitney indorsed her acceptance of the proposition upon it; and on the following day Stone placed in escrow with the Title Insurance & Trust Company of Los Angeles the money and documents required for the carrying into effect of said proposition on his part, expressly directing that his money and documents were to be returned to him if the escrow was not complied with and the transaction completed within fifteen days.

The undisputed evidence in the case shows that the full fifteen days' time elapsed without any effort being made on the part of Mrs. Whitney to comply with the escrow or conform to the conditions of the proposition of Stone to be by her performed, and that thereupon Stone withdrew from the transaction and refused to go ahead with the deal. Dyar then demanded payment in full of his commission, which being refused he brought this action.

The foregoing facts were all presented by the plaintiff at the trial as the basis and foundation of his claim. The defendant offered no evidence on his part. The court gave judgment for the defendant upon the foregoing admitted facts. The plaintiff moved for a new trial, which being denied, he now appeals from the judgment and order denying his motion for a new trial.

From the foregoing facts it will clearly appear that the judgment of the lower court must be affirmed.

Conceding it to be the law that a real estate broker has earned his commission under the ordinary agency contract when he had produced a person ready and able and willing to make the purchase or exchange of the property mentioned in his contract in accordance with its terms, and who enters into a valid and binding agreement for such purchase or exchange, the undisputed evidence in this case shows that the plaintiff did not produce such a person. The evidence nowhere shows, either expressly or by any reasonably adequate implication, either that Mrs. Whitney had such title to the property offered in this exchange as would enable her to make it; or that even if she had such title she was able otherwise to comply with the requirements of Stone's proposition. On the contrary, it affirmatively appears from the testimony given by her own agent Boynton that ''We offered part performance and made an effort to give complete performance. We did not tender all we were obliged to tender within the time limited and were unable to comply with it within that time.''

This testimony is not only uncontradicted, but the record also shows that no offer of full performance of the terms of respondent's proposition was ever made, or that Mrs. Whitney was able or ready at any time to make the same. It further appears that the principals to the proposed exchange of property never met.

This statement of the facts of this case brings it clearly within the rule announced in the case of *Shepherd-Teague Co.* v. *Hermann*, 12 Cal. App. 394, [107 Pac. 622], that where no exchange is effected the burden of proof is upon the broker to show that he found one who was ready and willing and able to effect the exchange upon the terms proposed. In that case the court held that the broker had not measured up to this requirement in his proof, and reversed the judgment upon that ground. There was some discussion in the main opinion in the above case as to the meaning to be given to the word ''consummated'' in a broker's agreement; but since the meaning to be given to that term was not essential to a determination of that case, and is not essential to a determination of the present case; and since also the judges in that case were not agreed as to what the meaning of that term should be,

23 Cal. App.—10

the views upon that subject expressed in the main opinion therein are of no aid to appellant in the case at bar.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.